# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDIE P. CHU,<br><br>   Plaintiff,<br><br>vs.<br><br>PATRICK DONAHOE, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE,<br><br>   Defendant. | Case No.: 12-CV-2660 YGR<br><br>**ORDER PROVIDING *RAND* SUMMARY JUDGMENT NOTICE AND SETTING BRIEFING SCHEDULE** |

Defendant Patrick Donahoe ("Defendant") has indicated that he intends to file a motion for summary judgment against Plaintiff Sandie P. Chu ("Plaintiff") in this matter. At the case management conference on March 25, 2013, both parties were present and agreed to the following schedule for filing of briefs in connection with Defendant's Motion for Summary Judgment:

Defendant to file motion by April 30, 2013

Plaintiff to file response/opposition by May 28, 2013

Defendant to file reply by June 11, 2013

Hearing set for June 25, 2013 at 2:00 p.m. in Courtroom Five.

Ninth Circuit authority indicates that self-represented plaintiffs should be given "notice of what is required of them in order to oppose" summary judgment motions at the time of filing of the motions. *See Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998); *Woods v. Carey*, 684 F.3d

934, 935, 940-41 (9th Cir. 2012). Accordingly, the Court provides the following notice to Plaintiff for her information in connection with Defendant's motion for summary judgment:

> Defendant is making a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure which, if granted, will end your case by granting judgment in favor of Defendant. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e). The evidence in those documents must contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment may be entered against you. If summary judgment is granted in favor of the defendant, your case will be dismissed and there will be no trial.

*See Rand*, 154 F.3d at 962-63.

**IT IS SO ORDERED.**

Date: March 25, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**