**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SANDIE P. CHU,<br><br>    Plaintiff,<br><br>vs.<br><br>PATRICK DONAHOE, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE,<br><br>    Defendant. | **Case No.: 12-CV-2660 YGR**<br><br>**ORDER CONTINUING SUMMARY JUDGMENT HEARING AND SETTING FURTHER BRIEFING SCHEDULE** |

Defendant Patrick Donahoe ("Defendant") filed his Motion for Summary Judgment on April 30, 2013. (Dkt. No. 40.) Plaintiff Sandie P. Chu ("Plaintiff") filed her response and responsive separate statement on May 28, 2013. (Dkt. Nos. 43, 44.) Defendant filed his reply on June 11, 2013, and along with that reply, a Declaration of Leticia Capristo. (Dkt. Nos. 44 and 45.) The reply offers new evidence in support of the motion for summary judgment to which Plaintiff has not had an opportunity to respond.

Accordingly, the Court **ORDERS** as follows:

Plaintiff may file a supplemental response to Defendant's reply and the new evidence submitted with that reply. Plaintiff's response may include evidence, even if not previously submitted. Plaintiff's supplemental response and evidence must be filed no later than **July 9, 2013**.

Defendant may file a supplemental reply no later than **July 16, 2013**.

The hearing currently set for June 25, 2013, is **CONTINUED** to **July 23, 2013, at 2:00 p.m.**

The Court reiterates its previous notice to Plaintiff for her information in connection with Defendant's motion for summary judgment:

> Defendant is making a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure which, if granted, will end your case by granting judgment in favor of Defendant. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e). The evidence in those documents must contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment may be entered against you. If summary judgment is granted in favor of the defendant, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998); *see also Woods v. Carey*, 684 F.3d 934, 935, 940-41 (9th Cir. 2012).

**IT IS SO ORDERED.**

Date: June 21, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

2